BENJAMIN T. RULEY, Assignee *vs.* RICHARD HYLAND and ELIZA ANN HYLAND.

*Sale under Power contained in Mortgage—Attorney's fees.*

Under section ten of Article thirty-six of the Code, authorizing attorneys-at-law to receive a fee of ten dollars "for prosecuting or defending any cause, plaint, or action in any of the Courts of equity in this State," an attorney for the assignee of a mortgage, is not entitled to a fee for selling the mortgaged property under a power of sale contained in the mortgage without application to the Court.

APPEAL from the Circuit Court for Kent County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., BRYAN, FOWLER, ROBERTS, MCSHERRY, and BRISCOE, J.

*Richard D. Hynson,* and *Hope H. Barroll,* for the appellant.

No appearance for the appellees.

BRYAN, J., delivered the opinion of the Court.

Hyland and wife executed a mortgage to Hope H. Barroll, and Barroll assigned it to Benjamin T. Ruley. Barroll was named in the mortgage as the attorney or agent, authorized to sell the mortgaged property in case of default. A bond was filed in the Circuit Court for Kent County as preliminary to a sale, and duly approved by the clerk of the Court. A sale was made and reported

and approved. The auditor filed his report distributing the proceeds of sale, making no allowance of an appearance fee of ten dollars to the solicitor of the assignee. Exception was taken to the report on this ground; but it was overruled by the Court, and the report was finally ratified and confirmed. The assignee has appealed. The thirty-sixth Article of the Code, section ten, enacts that attorneys-at-law shall be entitled to demand and receive a fee of ten dollars "for prosecuting or defending any cause, plaint or action in any of the Courts of equity in this State." The question is, whether these words include proceedings for a sale made under a power contained in a mortgage. The form and nature of a suit in equity are well known. A party makes a complaint that another has withheld from him some right, or has inflicted some injury upon him, and applies to the Court for redress upon the ground that without its aid he has no remedy for his grievances. The form of the proceeding may be varied, but the essential matter is that the coercive power of the Court is required to do justice between litigants. In the case of an overdue mortgage the prayer would be that the property should be sold for the payment of the mortgage debt. This would present the subject of the litigation. But in the case now before us, the mortgagee had the power of sale without application to the Court, and actually exercised it; so there was no matter of controversy whatever. In accordance with the Act of Assembly, the sale was reported to the Court, and it was ratified and the proceeds distributed. These proceedings do not exhibit the existence of a suit in equity. The ratification of the sale and the distribution of the proceeds were acts of the Court; but they are essentially different from that exercise of jurisdiction, by which the Court decides whether a complainant is entitled to the equitable relief which he seeks. They are matters which cannot come into consideration

until the litigated question has been settled; for example, in a mortgage suit, until it is decreed that the property shall be sold, and the sale has actually been made. They are simply the methods of obtaining the fruits of the sale. There are many transactions in which a Court is called upon to decide questions of right, and which cannot be considered as suits. For instance, in the Orphans' Court, where an executor is authorized by the will to sell real estate, he must report the sale to the Court, and it is not valid unless it is ratified. Yet this could not, with any propriety, be called a suit. And when he renders his accounts showing the administration of his testator's estate, and they are passed by the Court, the proceedings are not suits. Parties interested may except to the sale, and to the passage of the accounts in the instances mentioned; but this right of exception does not alter their nature, and convert them into suits.

We approve of the ruling of the Circuit Court.

*Order affirmed.*

(Decided 20th June, 1893.)